IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CHARLIE JUNIOR BILLUPS                                           PLAINTIFF

VS.                                                            CIVIL ACTION NO. 3:11cv54-LRA

JOE OWENS                                                                   DEFENDANT

## MEMORANDUM OPINION AND ORDER

THIS CAUSE is before the Court on the Motion for Summary Judgment filed by Defendant Joe Owens.[1] The Court has considered all the pleadings and exhibits, Plaintiff Charlie Junior Billups's sworn testimony given at the omnibus hearing, his medical records,[2] and the applicable law. This review compels the Court to find that the motion is meritorious and should be granted.

1. **Facts**[3]

Jurisdiction of this case is based upon 42 U.S.C. § 1983. Billups was booked into the Hinds County Detention Facility [HCDF] in Raymond, Mississippi, on or about August 19, 2010, after having been arrested for burglary. While at HCDF, Billups was a pre-trial detainee; he was convicted of burglary on November 4, 2011, and is now incarcerated in the custody of the Mississippi Department of Corrections ["MDOC"] at the Central Mississippi Correctional Facility in Pearl, Mississippi.

Defendant Joe Owens is the medical director at the HCDF and has been employed at the Hinds County Sheriff's Department since September 13, 2010.

---

[1] ECF No. 30.

[2] ECF No. 30-4, Exhibit D to Defendant's Motion.

[3] The facts are taken primarily from Plaintiff's Complaint, his omnibus hearing testimony, and his medical records, and are presented in a light most favorable to Plaintiff.

Billups's "Statement of Claim" contained in his Complaint filed in this case on January 31, 2011, states as follows:

> I went to medical in Sept. 2010 for a right knee injury. Doc order[ed] x-ray in which I did not receive until Nov. 2010. I wrote to Major Rushing and two days later on Dec. 24 I saw Doc Sutton. He said I needed an orthopedic. Now this is Jan. 21 and my leg is still painful and swollen. This is failing to provide proper, essential medical care. It's the obligation of the medical department of Hinds County to contract physicians in order to maintain an incarcerated person's health care, because if I was free to seek my own help I would.

As relief, Billups stated: "I want my knee fix and whatsoever is right for the bad way I was treated. I say $1,000,000."

Billups expanded on his claims at the omnibus hearing. Billups testified that he fell from a top bunk in August 2010 and hurt his knee. Two weeks later, he was seen by a physician. He testified that he was treated for the knee pain at HCDF by three different doctors, including Dr. Williams, Dr. Sutton, and Dr. Tatum. Billups alleges that these physicians all suggested that he be examined by an orthopedic physician, but he was never allowed to see the specialist. He was given pain pills at one point and told that he may have arthritis. Billups complained that the pain medications did not stop his pain. He testified that he was able to walk without assistance, although his knee does swell.

Billups also testified that he had been gradually going blind in one eye for 1 ½ years. He was taken to an eye doctor and was supposed to go back for a follow-up appointment; HCDF did not take him.

Billups's medical records reveal that he had no medical condition when he underwent a medical screening at booking on August 19, 2010. He was assessed by a physician on September 6, 2010, and prescribed Ibuprofen 800 mg. On September 28, 2010, he was again treated by a physician for pain and inflammation to his knee. X-rays were taken, and he was prescribed Naprosyn 500 mg.

Billups was seen again on November 30, 2010, and an x-ray was taken at that time; the results were normal. He was seen by Dr. Lawrence Sutton on December 24, 2010. Dr. Billups ordered a Toradol 60 mg shot and a Decadron 12 mg shot, as well as a Medrol dose pack, Flexeril 10 mg, and Naprosyn 500 mg. Dr. Sutton recommended that Billups be referred to an orthopedic surgeon [ECF 30-4, p. 6, 8].

Dr. Michael Reddix denied the referral on March 28, 2011, stating that a second opinion was needed [ECF No. 30-4, p. 5]. Dr. Tatum discontinued the referral after examining Billups on March 31, 2011.

Billups was referred to an eye specialist by Dr. Tatum on March 31, 2011. His right eye had vision loss, as well as a cloudy pupil, and Dr. Tatum diagnosed a cataract. Billups was taken to the eye specialist, Dr. Bear, on April 19, 2011. Dr. Bear did not order medication, but he changed Billups's glasses prescription and directed him to return in six weeks. Billups was seen by Dr. Bear again on May 31, 2011, and on September 23, 2011.

Billups testified that he had never met Defendant Joe Owens. He is suing Defendant Owens because he is "over the nurses" in the medical department at HCDF. Billups has not rebutted the assertions in Defendant Owens's affidavit, quoted as follows:

> ...
> 3. As the medical director, I oversee the medical unit at the Hinds County Detention Facility in Raymond, Mississippi, although I do not typically become personally involved in the day to day medical care of detainees and/or inmates.
>
> 4. I had no personal involvement in the decision whether to transfer Plaintiff for eye appointments and/or appointments to see an orthopedic surgeon, or whether such appointments were made and/or authorized.
> . . .

ECF No. 30-2, p. 2.

2. **Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The substantive law establishes those elements on which a plaintiff bears the burden of proof at trial; only facts relevant to those elements of proof are considered for summary judgment purposes. *Id*. at 322. There is a genuine factual dispute between the parties only "when a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 248 (1986).

3. **Legal Analysis**

   A. **Medical Care**

The Eighth Amendment does prohibit conduct which evinces deliberate indifference to a serious medical need by its ban on cruel and unusual punishment; this standard also applies to pretrial detainees. *Hare v. City of Corinth, MS*, *on rehearing en banc,* 74 F.3d 633, 644-646 (5th Cir. 1996), *appeal on remand*, 35 F.3d 320 (5th Cir. 1998). Because Billups was a pretrial detainee during the time he was held in the HCDF, the Court has reviewed his claim under the Fourteenth Amendment. *Mayfeather v. Foti*, 958 F.2d 91 (5th Cir. 1992); *Cupit v. Jones*, 835 F.2d 82 (5th Cir. 1987). "[P]retrial detainees are entitled to reasonable medical care unless the failure to supply that care is reasonably related to a legitimate governmental objective." *Cupit*, 835 F.2d at 85.

4

The medical care received by a pretrial detainee may be deemed objectively unreasonable where jail officials act "with subjective deliberate indifference to the detainee's rights." *Nerren v. Livingston Police Dep't.*, 86 F.3d 469, 473 (5th Cir. 1996). *Nerren* defined "subjective deliberate indifference" as subjective knowledge of a substantial risk of serious medical harm, followed by a response of deliberate indifference." *Id*.

The evidence submitted in support of the dispositive motion is replete with proof of frequent and adequate medical care. The fact that Billups may not have been *satisfied* with the treatment or the type and amount of care he received is not indicative of its "unreasonableness." "The decision whether to provide additional treatment 'is a classic example of a matter for medical judgment'"and "[a] prisoner's disagreement with his medical treatment, absent exceptional circumstances" does not satisfy the deliberate indifference requirement. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995).

Billups's own testimony defies a finding of "indifference." He admits to having been provided medical care by at least three different physicians— he was not satisfied with the care provided. Medical personnel at HCDF did not fail to treat Billups; there is much evidence of regular medical care in the records— he was simply not taken to an orthopedic surgeon. Case law in the Fifth Circuit confirms that a prisoner is not entitled to his *choice* of treatments. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006); *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992). The fact that a plaintiff was not satisfied with his care does not confirm that his constitutional rights were violated.

This Court cannot interfere with medical personnel's diagnoses or judgment or with the decisions they make relating to the appropriate treatment given an inmate. To prove deliberate indifference, Billups must show that this Defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any

5

similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert*, 463 F.3d at 346. The records rebut any showing of intentional mistreatment; Billups's complaints were addressed, not ignored, and there was no "refusal" to treat.

To defeat a summary judgment motion, Billups must rely on specific evidence in the record and articulate the precise manner in which that evidence supports his claims. *Stults v. Conoco, Inc.,* 76 F.3d 651, 656 (5th Cir. 1996). He cannot rely on unsubstantiated, conclusory assertions or merely present a scintilla of evidence. *Fiesel v. Cherry,* 294 F.3d 664, 667 (5th Cir. 2002), *citing Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994). Billups has not pointed to any objective medical evidence in his records which would support his claims that he suffers from a serious medical condition and that his medical care for that condition was constitutionally inadequate.

Based upon the unrebutted medical evidence, no constitutional claim has been stated, and the Court shall dismiss Billups's complaint with prejudice.

### B. <u>Immunity</u>

Defendant Joe Owens also contends that he is entitled to qualified immunity in this case "insofar as [his] conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982). "Qualified immunity provides government officials performing discretionary functions with a shield against civil damages liability, so long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Gobert,* 463 F.3d at 345. The immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 457 U.S. 335, 341 (1986). To overcome the immunity, a plaintiff must show that there has been a violation of a clearly established federal constitutional or statutory right and

that the official's actions violated that right to the extent that an objectively reasonable person would have known. *Id.*, omitting citation.

Billups has not stated factual allegations which would overcome Defendant's qualified immunity, and the Complaint must also be dismissed for this reason.

4. **Conclusion**

The Court finds that there are no genuine issues as to any material fact in this case regarding any of Billups's claims against Defendant Owens. Accordingly, Defendant Owens is entitled to a judgment at law, and his Motion for Summary Judgment [ECF No. 30], shall be granted. Final Judgment in favor of Defendant Owen shall be entered on this date.

SO ORDERED, this the 12th day of June, 2012.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE